```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
                                    :
LEONEL B. PENA,                     :    22cv1125 (DLC)
                                    :
                         Plaintiff, :    OPINION
              -v-                   :    AND ORDER
                                    :
VISTA YACHT CRUISES INC.,           :
                                    :
                         Defendant. :
                                    :
----------------------------------- X
```

APPEARANCES:

For the plaintiff, Leonel B. Pena:
Jared Lacertosa
Lawrence B. Goldhirsch
Weitz and Luxenberg, P.C.
700 Broadway
New York, NY 10003

For the defendant, Vista Yacht Cruises Inc.:
Justin M. Heilig
Charles M. Henderson, III
Hill Rivkins LLP
45 Broadway, Suite 1500
New York, NY 10006

DENISE COTE, District Judge:

Leonel B. Pena ("Pena") was severely injured in 2021 in an accident that occurred on a vessel chartered by Vista Yacht Cruises, Inc. ("Vista"). He has sued Vista pursuant to the Jones Act, 46 U.S.C. § 688. Vista has moved for partial summary judgment, seeking a limitation on its liability. For the following reasons, the defendant's motion is denied.

## Background

The following facts are undisputed or taken in the light most favorable to Pena, unless otherwise indicated. Vista is a corporation that conducts sightseeing boat cruises in the New York harbor using a bareboat-chartered vessel called the Majestic Princess (the "Vessel"). Victor Becker is the sole owner and President of Vista. He is not directly involved in the day-to-day operation of the Vessel nor is he involved in the training and supervision of the crew. Vista hires captains and crew to handle the operation of the Vessel.

In 2017, Vista hired Captain Stalin Monge ("Captain Monge") to operate the Vessel. His responsibilities included supervising and training all crew aboard the Vessel. One member of the crew was Hugo Salazar ("Salazar"), who worked as Vista's senior deckhand. Salazar's responsibilities included training the Vessel's deckhands and creating the crew's work schedule. Vista also employs Rafael Giraldo ("Giraldo") and Fernando Hernandez ("Hernandez") as line handlers, and Eva Lee ("Lee") as a tour guide. Pena worked as a cook aboard the Vessel.

Captain Monge informed the Vessel's crew members that he did not want Pena or other kitchen staff to handle the lines. The Captain never instructed Pena to handle the Vessel's lines; Pena was not trained on docking procedures.

On November 11, 2021 ("November 11"), Pena reported to work

2

for his shift as a cook. The other Vista employees on board were Captain Monge, Giraldo, Hernandez, and Lee. Because Salazar was not working that day, Giraldo served as the senior deckhand. The Vessel embarked on its first tour of day at 12:30pm. There were 73 passengers on board. The Vessel completed this tour at 1:30pm. Before the Vessel docked, Giraldo called down to Pena in the galley to tell him that he had "to help us with the line." As the boat arrived, Pena came up from the galley, jumped onto the pier and caught a line that Giraldo threw to him. Giraldo then threw a second line to the dock, which he instructed Pena to raise. The only witnesses to these events were Giraldo and Pena.[1] The second line got caught around Pena's hand, amputating portions of three fingers on his left hand and fracturing a fourth finger.

The plaintiff filed this action against Vista on February 9, 2022.[2] The plaintiff filed his first amended complaint on July 8. The case was transferred to this Court on August 17.

On August 1, 2023, the plaintiff filed his second amended complaint. Discovery concluded on August 4. The defendant filed this motion for partial summary judgment on September 22.

---

[1] Giraldo denies that he instructed Pena to assist in the docking of the Vessel or to handle the lines on November 11.

[2] The complaint also named Cajun Express, Inc. as a defendant. The plaintiff has dismissed his claims against this defendant.

3

On October 2, this Court granted the plaintiff's request to withdraw his claim for maintenance and cure. The defendant's motion became fully submitted on October 27.

### Discussion

Summary judgment may be granted only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To present a genuine issue of material fact sufficient to defeat a motion for summary judgment, the record must contain contradictory evidence such that a reasonable jury could return a verdict for the nonmoving party." Horror Inc. v. Miller, 15 F.4th 232, 241 (2d Cir. 2021) (citation omitted). Material facts are facts that "might affect the outcome of the suit under the governing law." Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted). In considering a motion for summary judgment, a court "construe[s] the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Kee v. City of New York, 12 F.4th 150, 158 (2d Cir. 2021) (citation omitted).

"The Jones Act confers a cause of action in negligence to any seaman injured in the course of employment." Matter of Buchanan Marine, L.P., 874 F.3d 356, 363 (2d Cir. 2017) (citation omitted). A vessel owner may assert an affirmative

defense to a cause of action under the Limitation of Liability Act, 46 U.S.C. §§ 30501 et seq. Bensch v. Estate of Umar, 2 F.4th 70, 73 (2d Cir. 2021). Under this defense, the liability of a vessel owner for injury "occasioned, or incurred, without the privity or knowledge of the owner" shall not exceed the value of the vessel and its freight. Id.; 46 U.S.C. § 30523(b). Where the incident in question was caused by actionable conduct, the defendant seeking to limit its liability must show that the actionable conduct occurred without its privity or knowledge. In re Complaint of Messina, 574 F.3d 119, 126-27 (2d Cir. 2009). Privity or knowledge "is a term of art meaning complicity in the fault that caused the accident." Id. at 126 (citation omitted). A vessel owner has a duty "to use due and proper care to provide a competent crew." Id. at 127 (citation omitted). An injury occurring because of the "owner's neglect of that duty is within the owner's privity." Id. "Where the shipowner is a corporation, privity and knowledge means privity and knowledge by a managing agent, officer, or supervising employee of a ship." Otal Invs. Ltd. v. M/V CLARY, 673 F.3d 108, 115 (2d Cir. 2012) (citation omitted). "[M]ere negligence, pure and simple, in and of itself does not necessarily establish the existence on the part of the owner of a vessel of privity and knowledge within the meaning of the statute." La Bourgogne, 210 U.S. 95, 122 (1908). See also 3 Benedict on Admiralty § 41 (2023).

"[S]eaworthiness is a relative term depending upon its application to the type of vessel and the nature of the voyage. The general rule is that the vessel must be staunch, strong, well equipped for the intended voyage and manned by a competent and skillful master of sound judgment and discretion." Messina, 574 F.3d at 127 (citation and emphasis omitted). "Thus, a vessel being operated by an incompetent captain or crew is considered unseaworthy." Id. "Failure to exercise due diligence to make a vessel seaworthy may amount to privity in the vessel's unseaworthy condition as it develops during the voyage." Supra 3 Benedict on Admiralty § 41. Unseaworthiness precludes the limitation of liability if it exists within the privity or knowledge of a managing agent, officer, or supervising employee of a ship. Id.

Here, there are material issues of fact that must be resolved by the jury at trial. In his deposition, Pena testified that Salazar and Giraldo asked him to assist in the docking process on four or five occasions in 2021, and that on November 11 Giraldo did so again. It was in response to this November 11 instruction that Pena was injured. Although Salazar was not aboard the Vessel on November 11 at the time of the accident, he had knowledge that Pena had been and could again be tasked with line-handling duties, for which Pena was not trained. These facts are material to determining whether the

defendant has shown that Pena's injury on November 11 occurred without its privity or knowledge. The defendant does not dispute that Salazar's knowledge and actions may be imputed to the defendant.

## Conclusion

The defendant's October 13, 2023 motion for partial summary judgment is denied.

Dated:   New York, New York
         November 27, 2023

                                     _____
                                            DENISE COTE
                                     United States District Judge